UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CRISPIN SANTELLAN

Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

Defendant.

______________________________________)

## COMPLAINT

The Plaintiff, CRISPIN SANTELLAN ("SANTELLAN"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. SANTELLAN brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. SANTELLAN was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA,

is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SANTELLAN by LINA.

6. SANTELLAN was at all times material an employee of SIKORSKI SUPPORT SERVICES, INC. ("SIKORSKI")

7. SANTELLAN was at all times material a plan participant under the SIKORSKI long-term Disability Plan, Group Policy No. LK-961124 (the "LTD Plan") which is established by SIKORSKI and pursuant to which SANTELLAN is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by SIKORSKI, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, SANTELLAN is entitled to LTD benefits for the duration of his disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

13. Since approximately April 13, 2012 SANTELLAN has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, SANTELLAN made a claim to LINA under the LTD Plan for disability benefits which LINA initially approved and paid through October 10, 2014.

15. By letter dated July 18, 2014 LINA terminated SANTELLAN'S claim beyond October 10, 2014.

16. SANTELLAN properly appealed LINA'S adverse determination.

17. LINA upheld its decision by letter dated May 5, 2015

18. SANTELLAN properly appealed LINA'S adverse determination.

19. By letter dated June 24, 2015, LINA upheld its adverse determination and advised SANTELLAN that he had the right to file a lawsuit.

20. At all relevant times, SANTELLAN complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

21. At all times material, SANTELLAN has been unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified based on education, training or experience.

22. At all times material, SANTELLAN has been unable to earn 60% or more of his indexed

earnings as defined in the LTD Plan.

23. At all relevant times, SANTELLAN has been receiving appropriate care.

24. At all relevant times, SANTELLAN was a Covered Person under the LTD Plan.

25. From October 11, 2014 to the present date, SANTELLAN has not received benefits owed to him under the LTD Plan, despite SANTELLAN'S right to these benefits.

26. LINA has refused to pay SANTELLAN'S LTD benefits since October 11, 2014.

27. At all relevant times, LINA was the payor of benefits.

28. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

29. At all relevant times, LINA was appointed by SIKORSKI, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

30. At all relevant times, SANTELLAN has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

31. SANTELLAN has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

32. SANTELLAN incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), SANTELLAN, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

35. SANTELLAN has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA'S failure to pay his disability benefits.

36. SANTELLAN has exhausted all required administrative remedies under the LTD Plan.

37. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to SANTELLAN at a time when LINA knew, or should have known, that SANTELLAN was entitled to those benefits under the terms of the LTD Plan, as SANTELLAN was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of SANTELLAN'S claim for LTD benefits;

(c) After SANTELLAN'S claim was terminated in whole or in part, LINA failed to adequately describe to SANTELLAN any additional material or information necessary for SANTELLAN to perfect his claim along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of SANTELLAN'S disability claim and failed to provide a full and fair review of SANTELLAN'S claim.

38. SANTELLAN believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which SANTELLAN is presently unaware, but which may be discovered in this future litigation and which SANTELLAN will immediately make LINA aware of once said acts or

omissions are discovered by SANTELLAN.

39. Following the termination of benefits under the LTD Plan, SANTELLAN exhausted all required administrative remedies required under ERISA, and SANTELLAN has performed all duties and obligations on his part to be performed under the LTD Plan.

40. As a proximate result of the aforementioned wrongful conduct of LINA, SANTELLAN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding SANTELLAN'S claim for benefits, SANTELLAN, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SANTELLAN is entitled to have such fees and costs paid by LINA.

42. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, SANTELLAN is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan. A copy of the LTD Plan is attached hereto as Exhibit "A".

## REQUEST FOR RELIEF

WHEREFORE, CRISPIN SANTELLAN prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 22, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

/s/ *Victor Peña*
VICTOR PEÑA, ESQUIRE
Florida Bar No.: 0108094
Email: victor@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com